# KEUSCH v. LANE.

INDIAN LANDS; HOMESTEAD ENTRY; RESIDENCE AND CULTIVATION;
CANCELATION OF ENTRY; INJUNCTION.

1. A decision of the Secretary of the Interior construing the provision
   of sec. 5 of the Act of Congress of April 27, 1904 (33 Stat. at L.
   352, chap. 1624) for the disposal of lands ceded by the Indians of
   the Crow Reservation in Montana, to the effect that the provisions
   of the Homestead Laws with respect to residence and cultivation
   are applicable to an entry of such lands, is within the discretionary
   powers of the Secretary, and a cancelation of the entry in accord-
   ance therewith will not be prevented by an injunction.

2. The intention of Congress to make the provisions of the Homestead
   Law applicable to homestead entries under the Act of April 27,
   1904, of lands ceded by the Crow Indians in Montana, is not dis-
   proved by the Act of February 20, 1917 (39 Stat. at L. 926, chap.
   101), which provides that any person "who has heretofore entered
   under the Homestead Laws, and paid a price equivalent to or
   greater than $4 per acre, lands embraced in a ceded Indian Reser-
   vation, shall, upon proof of such fact, if otherwise qualified, be
   entitled to the benefits of the Homestead Law as though such former
   entry had not been made."

No. 3115.   Submitted March 8, 1918.   Decided April 1, 1918.

HEARING on an appeal from a decree of the Supreme Court
of the District of Columbia dismissing a bill to enjoin the
Secretary of the Interior from cancelation of a homestead
entry.                                              *Affirmed.*

The facts are stated in the opinion.

*Mr. James I. Parker* and *Mr. Samuel V. Hayden,* for the
appellant:

Defendants are without jurisdiction to cancel appellant's home-
stead entry.

At the time appellant made homestead entry of it, the tract
here involved was a part of those lands belonging to the Crow
Indian Reservation that had been taken over by the United
States as trustee, for the purpose of disposing of them under
the Act of April 27, 1904 (33 Stat. at L. 352), and turning
the proceeds over to those Indians. The status of those lands
is defined by section 8 of that act, as follows: "That nothing
in this act contained shall in any manner bind the United States
to purchase any portion of the land herein described, except
sections 16 and 36 or the equivalent in each township, or to dis-
pose of said land except as provided herein, or to guarantee to
find purchasers for said lands or any portion thereof; it being
the intention of this act that the United States shall act as
trustee for said Indians to dispose of said lands and to expend
and pay over the proceeds received from the sale thereof, only
as received, as herein provided."

The lands of which the tract involved was a part, at the time
of appellant's entry, did not belong to the United States and
hence were not public lands. *United States* v. *Ash Sheep Co.*
221 Fed. 582.

Since the land involved was not and is not public land, the
jurisdiction of the Secretary of the Interior with reference to
it must be found in the Act of April 27, 1904. *Re Warren,* 43
Land Dec. 181; *Frost* v. *Wenie,* 157 U. S. 46, 58, and *United
States* v. *Healey,* 160 U. S. 136, 147.

Since the said Act of April 27, 1904, makes special provision
and furnishes a complete system for the disposal of those lands,
it impliedly prohibits their disposal in any other manner.   35
Land Dec. 279, and *Re Miller,* 35 Land Dec. 411.

Right of court to review the action of the Secretary of the
Interior in the premises.

"Unless the writ of mandamus is to become practically value-
less, and is to be refused even where a public officer is com-
manded to do a particular act by virtue of a particular statute,
this writ should be granted." *Lane* v. *Hoglund,* 244 U. S. 174,
affirming 44 App. D. C. 310.

D. C.]                        Opinion of the Court.

*Mr. Charles D. Mahaffie* and *Mr. C. Edward Wright* for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal is from a decree in the supreme court of the District dismissing appellant's bill to enjoin the cancelation of her homestead entry, the action of the Department having been based upon a finding that appellant, Meta Keusch, had failed to comply with the requirements of the law relating to residence and cultivation.

The Act of April 27, 1904 (33 Stat. at L. 352, chap. 1624), "To Ratify and Amend an Agreement with the Indians of the Crow Reservation, in Montana," contains the amended agreement with those Indians, article 2 of which providing (page 357) "that in consideration of the land ceded, granted, relinquished and conveyed by article 1 of this agreement the United States stipulates and agrees to dispose of the same as hereinafter provided under the provisions of the Reclamation Act approved June 17th, 1902, the Homestead, Town-site, and Mineral-land Laws," etc. Section 5 of the act provides for the carrying out of the agreement with reference to the disposition of this land. In that section (p. 360), it is specified "that before any of the lands by this agreement ceded are opened to *settlement or entry,*" certain things shall be done by the Commissioner of Indian Affairs. It is further specified that the lands not withdrawn for irrigation under said Reclamation Act, "which lands shall be determined under the direction of the Secretary of the Interior at the earliest practical date, shall be disposed of under the Homestead, Town-site, and Mineral-land Laws of the United States, and shall be opened to settlement and entry by proclamation of the President, which proclamation shall prescribe the manner in which these lands may be settled upon, occupied, and entered by persons entitled to make entry thereof; * * * *And provided, further,* that the price of said lands shall be $4 per acre, when entered under the Homestead Laws."

Appellant's entry, according to the averments of her bill, was

*a homestead entry,* and in due time she "submitted her final five-year proof on her said homestead entry, upon which proof final certificate was and still is withheld." One Erickson inaugurated a contest, alleging that appellant had failed to establish and maintain a residence on the land she had entered. Proof was taken, and, upon hearing before the register and receiver, the decision was in favor of the contestee. The commissioner, however, reversed the decision, and his action was affirmed by the Assistant Secretary. It is not denied that the final decision would defeat an ordinary homestead entry and require its cancelation. But appellant contends that she was not required, under the provisions of the Act of April 27, 1904, to do more than make the payments therein specified; in other words, that the provisions of the Homestead Law are not applicable to this entry.

Under the agreement with the Indians the United States undertook to dispose of these lands "under the provisions of the Reclamation Act approved June 17, 1902, the Homestead, Town-site, and Mineral-land Laws," and by sec. 5 of the act Congress undertook to provide for the fulfilment of that agreement, for by that section it is specified that lands open to settlement or entry "shall be disposed of under the Homestead, Townsite, and Mineral-land Laws of the United States." The Secretary of the Interior construed this provision as bringing within the scope of the act the laws relating to homestead entries. Not only was appellant's entry made in harmony with that construction, but her attitude, until she met with an adverse ruling by the commissioner, was consistent with the view of the Department. Certainly that view is reasonable, and does not involve a forced construction of the act before us. The case, therefore, falls within the rule laid down in *United States ex rel. Ness* v. *Fisher,* 223 U. S. 683, 56 L. ed. 610, 32 Sup. Ct. Rep. 356. Appellant relies upon *Lane* v. *Hoglund,* 244 U. S. 174, 61 L. ed. 1066, 37 Sup. Ct. Rep. 558, but there the duty of the Secretary was so plain that the court found it was ministerial. "If the law," said the court, "direct him to perform an act in regard to which no discretion is committed to him, and which, upon the facts existing, he is bound to perform, then

that act is ministerial, although depending upon a statute which requires, in some degree, a construction of its language by the officer." Here, on the contrary, we have a statute which requires construction, and the construction placed upon it by the officer primarily charged with that duty is reasonable. We may not say, therefore, that he was required to perform nothing more than a ministerial duty in carrying out the provisions of this act. On the contrary, we think it quite apparent that it was the intent of Congress to clothe him with the same discretionary powers which he exercises in the disposition of lands "under the Homestead, Town-site, and Mineral-land Laws of the United States."

Our attention has been directed to the Act of February 20, 1917 (39 Stat. at L. 926, chap. 101), providing that any person "who has heretofore entered under the Homestead Laws, and paid a price equivalent to or greater than $4 per acre, lands embraced in a ceded Indian Reservation, shall, upon proof of such fact, if otherwise qualified, be entitled to the benefits of the homestead law as though such former entry had not been made." But we see nothing in this act inconsistent with the interpretation placed by the Secretary upon the Act of 1904. For reasons satisfactory to Congress, a homestead entry made under the Act of 1904 was not to exhaust the homestead rights of the entryman. This, however, falls far short of sustaining appellant's view that it was not intended by Congress to make the provisions of the Homestead Law applicable to homestead entries under the Act of 1904. On the contrary, we think it was the view of Congress that further legislation was necessary to prevent the exhaustion of the homestead rights of an entryman under the early act, and by this additional legislation an exception was made in favor of such an entryman.

The decree must be affirmed, with costs.                    *Affirmed*.

An appeal to the Supreme Court of the United States was granted April 22, 1918.